**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOSEPH G. MCDONOUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| DEBORAH A. GORMAN, BE POSITIVE | ) |
| WORKS, LLC, and B+ FOUNDATION, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

This is an action for trademark infringement and unfair competition under the Lanham Act and Delaware statutory and common law against Defendants, Deborah A. Gorman, Be Positive Works, LLC and B+ Foundation, Inc. (collectively, "Defendants").

Plaintiff Joseph G. McDonough ("Plaintiff") is seeking a permanent injunction, damages, profits, treble damages or profits, attorneys' fees, and costs. Plaintiff, appearing through his undersigned counsel, alleges as follows:

**PARTIES**

1. Plaintiff is a US Citizen with an address of 101 Rockland Circle, Wilmington, DE 19803.

2. Upon information and belief, Defendant, Be Positive Works LLC is a New York Limited Liability Company with a place of business at 72 Hunt Farm Road, Waccabuc, New York 10597.

3. Upon information and belief, Defendant Deborah Gorman is an individual residing at 72 Hunt Farm Road, Waccabuc, NY 10597.

4. Upon information and belief, Defendant B+ Foundation, Inc. is a 501(c)(3) non-profit corporation organized under the laws of the State of New York with an address at 72 Hunt Farm Road, Waccabuc, NY 10597.

## JURISDICTION AND VENUE

5. This is a claim for damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., including §§ 1114(1), 1122(c) and 1127, and under Delaware Uniform and Deceptive Trade Practices Act, 6 Del. C. §§ 2531-36, and Delaware Common Law.

6. This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. The Court has pendant jurisdiction over Plaintiff's claims under Delaware law pursuant to 28 U.S.C. § 1338(b).

7. This Court has personal jurisdiction over each of the Defendants. On information and belief, Defendants offer for sale and sell jewelry and apparel bearing the infringing mark in the United States and this District.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b, c) because Defendants are subject to personal jurisdiction in this District, Plaintiff resides within this district, transacts business and sales within this District, and the acts complained of herein that have caused and are continuing to cause injury to Plaintiff have occurred and are continuing to occur within this District.

## PLAINTIFF'S B+ MARKS

9.      Plaintiff is the owner of the following U.S. Federal Trademark registrations and pending U.S. Trademark Application:

| Mark | Serial/Reg. No. | Class/Goods/Services |
|---|---|---|
| B+ | 86/867,371 | 14/Jewelry<br>25/Apparel; headwear |
| ANDREW MCDONOUGH B+ FOUNDATION & Design | 4,821,206 | 36/Charitable services, namely, fund raising for medical treatment and research; providing educational scholarships<br><br>45/Personal growth and motivation consulting services |
| B+ & Design | 4,360,988 | 36/Charitable services, namely, fund raising for medical treatment and research; providing educational scholarships<br>45/Personal growth and motivation consulting services |
| B+ | 3,430,360 | 36/Charitable services, namely, fund raising for medical treatment and research; providing educational scholarships<br>45/Personal growth and motivation consulting services |

The above trademarks are collectively referred to as "Plaintiff's B+ marks."  U.S. Registration 3,430,360 is incontestable pursuant to 15 U.S.C. § 1065 and is evidence of Plaintiff's exclusive right to use Plaintiff's B+ marks in commerce in the United States.  Copies of the registration certificates and application file information are attached as Exhibit 1.

**DEFENDANTS' B+ MARK**

10. Upon information and belief, Defendant Be Positive Works LLC is the owner of the following Trademark Registration filed with the US Patent and Trademark Office (USPTO):

| Mark | Serial/Reg. No. | Class/Goods/Services |
|---|---|---|
| B+ | 3,768,743 | 14/Jewelry |

11. Upon information and belief, Defendants are using the above B+ mark in commerce. The above trademark is hereinafter referred to as "Defendants' B+ mark". A copy of Defendants' registration certificate is attached as Exhibit 2.

**BACKGROUND FACTS**

11. Plaintiff repeats and re-alleges Paragraphs 1 - 11 as if fully set forth herein.

12. In 2007, Plaintiff founded The Andrew McDonough B+ Foundation (Plaintiff's B+ Foundation), which is an IRS-certified 501(c)(3) non-profit corporation.

13. Plaintiff's B+ Foundation honors the memory of Andrew J. McDonough, the son of Plaintiff, who died at the age of 14, on July 14, 2007, due to complications from leukemia. Plaintiff's B+ Foundation engages in fundraising for medical treatment and cutting edge childhood cancer research, including supporting world leaders in adult and pediatric cancer treatment and research such as The Dana-Farber Cancer Institute, providing financial and emotional support to families of children with cancer through the B+ Family Assistance Program, and spreading the "B+ Positive" message by helping others "Live Like Andrew." Plaintiff's B+ Foundation maintains websites at www.livelikeandrew.org/ and www.BePositive.org. Plaintiff's B+ Foundation raises money through charitable events such as marathons, auctions, dinners, as well as clothing, jewelry sales and more to provide financial and emotional support to families of children with cancer nationwide. Many of these fundraising events are sponsored and supported by colleges and universities nationwide.

14. Plaintiff established the first use in commerce of Plaintiff's B+ marks in 2007. The marks and logo are licensed to Plaintiff's B+ Foundation.

15. Upon information and belief, long after Plaintiff, in October 2009, Defendants established B+ Foundation, a 501(c)(3) non-profit corporation that also engages in fundraising for cancer treatment and research. Defendants maintain a website, http://bepositiveworks.com where they offer for sale jewelry and apparel all bearing the mark B+. Defendants allegedly contribute 15% of their profits to Defendants' B+ Foundation which provides financial support to the Bone Marrow/Stem Cell Programs at the Dana-Farber Cancer Institute in Boston, Massachusetts.

16. Defendants' charitable fundraising services for cancer treatment and research are identical to the Plaintiff's and Plaintiff's licensees' charitable fundraising services and are marketed and promoted through identical channels of trade.

17. Defendants' manufacture and sale of jewelry and apparel bearing the B+ mark is identical to Plaintiff's manufacture and sale of jewelry and apparel bearing Plaintiff's B+ marks and are marketed and promoted through identical channels of trade.

18. Plaintiff is aware of confusion caused by individuals mistaking Defendants' B+ mark for Plaintiff's B+ marks.

19. Plaintiff has demanded that Defendants cease and desist their infringing activity.

20. Despite Plaintiff's demand that Defendants cease their infringing use of the B+ mark, Defendants have continued use of the mark and infringement of Plaintiff's federally registered B+ mark by using the mark "B+" to advertise and promote their fundraising activities, as well as on or in connection with its apparel and jewelry. Defendants' use of Plaintiff's B+

marks causes confusion as to the source of the goods and services provided by both entities as well as the origin of the proceeds therefrom.

21. On January 6, 2016, Plaintiff filed with the United States Patent and Trademark Office a Petition to Cancel Defendants' U.S. Registration No. 3,768,743 for the B+ mark. The proceeding is currently pending under Trademark Trial and Appeal Board Cancellation No. 92063002.

22. Plaintiff now brings this action against Defendants, seeking an order enjoining Defendants from further infringement of the B+ mark and from having any ownership interest(s) in, or right to utilize the same in the future, as well as an award of damages in an amount to be determined at trial.

## COUNT I - INFRINGEMENT UNDER THE LANHAM ACT
## 15 U.S.C. § 1114

23. Plaintiff repeats and re-alleges Paragraphs 1-22 as if fully set forth herein.

24. Upon information and belief, Defendants adopted and are using Defendants' B+ mark in connection with their charitable fundraising services, sale of jewelry and clothing and are advertising and promoting to the general public the aforesaid goods and services in connection with the mark, which is identical/confusingly similar to Plaintiff's B+ marks.

25. Upon information and belief, Defendants have offered and provided their goods and services in connection with Defendants' B+ mark in interstate commerce.

26. As a direct consequence of Defendants' actions, Plaintiff's customers and the public are likely to be, and have been, deceived or confused as to the source, origin, sponsorship and/or endorsement of Defendants' goods and services and their relationship to Plaintiff.

27. Upon information and belief, Defendants' purpose in adopting and using Defendants' B+ mark and variations thereof was and is to deceive, mislead and confuse

customers and the public into believing that Plaintiff is the source of Defendants' goods/services, or that the goods/services offered in connection with said marks are sponsored by, licensed by, or associated with Plaintiff, so as to trade on the substantial reputation and goodwill enjoyed by Plaintiff in connection with Plaintiff's B+ marks.

28. Defendants' unlawful acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

29. By reason of Defendants' unlawful acts and practices in violation of the Lanham Act, Plaintiff has suffered, and will continue to suffer damage to its business, reputation and goodwill, for which Plaintiff is entitled to injunctive, monetary and other relief, and will continue to suffer irreparable harm which is not fully compensable by money damages.

## COUNT II - UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

30. Plaintiff repeats and re-alleges Paragraphs 1-29 as if fully set forth herein.

31. Plaintiff's use of Plaintiff's B+ marks in connection with its goods and services since at least as early as 2007 has established in the minds of consumers an association between Plaintiff's B+ marks and Plaintiff as the source of the goods and services. Plaintiff's B+ marks are inherently distinctive and have secondary meaning as an identification of the source of Plaintiff's goods and services.

32. Without Plaintiff's permission, Defendants adopted and are using the Defendants' B+ mark in connection with their goods and services, and is promoting to the general public their goods and services in connection with Defendants' B+ mark which is identical to Plaintiff's B+ marks.

33. Upon information and belief, Defendants have offered their goods/services in connection with Defendants' B+ mark in interstate commerce.

34. As a direct consequence of Defendants' actions, Plaintiff's customers and potential customers are likely to be, and have been, deceived or confused into believing that Defendants' goods and services are authorized by, licensed by, or otherwise associated with Plaintiff.

35. Upon information and belief, Defendants' purpose in adopting and using Defendants' B+ mark and variations thereof is to deceive, mislead and confuse customers and the public into believing that Plaintiff is and was the source of Defendants' goods, or that Defendants' goods are authorized by, licensed by, or otherwise associated with Plaintiff, so as to enable Defendants to take advantage of Plaintiff's B+ marks and the substantial reputation and goodwill enjoyed by Plaintiff therein.

36. Defendants' use of Defendants' B+ mark and variations thereof constitutes false representation as to source in violation of the Lanham Act, 15 U.S.C. § 1125(a).

37. By reason of Defendants' unlawful acts and practices, Plaintiff has suffered, and will continue to suffer damage to its business, reputation and goodwill, for which Plaintiff is entitled to injunctive relief and an award of damages, and will continue to suffer irreparable harm which is not fully compensable by money damages.

## COUNT III -- TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER DELAWARE LAW

38. Plaintiff repeats and re-alleges Paragraphs 1-37 as if fully set forth herein.

39. Defendants' intentional and blatant infringement of Plaintiff's B+ marks constitutes trademark infringement, unfair competition, unfair and fraudulent business acts and practices and unfair, deceptive, untrue and misleading advertising under Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2531 et seq.

## COUNT IV - UNFAIR COMPETITION UNDER DELAWARE COMMON LAW

40. Plaintiff repeats and re-alleges Paragraphs 1-39 as if fully set forth herein.

41. Defendants' intentional and blatant infringement of Plaintiff's B+ marks constitutes trademark infringement, passing off, and unfair competition under Delaware Common Law.

### COUNT V - COMMON LAW UNJUST ENRICHMENT UNDER DELAWARE COMMON LAW

42. Plaintiff repeats and re-alleges Paragraphs 1-41 as if fully set forth herein.

43. Benefits have been conferred upon Defendants by Defendants' unauthorized use of Plaintiffs' B+ marks.

44. Defendants have appropriated, accepted, and retained these benefits.

45. It is inequitable for Defendants to retain these benefits without the payment of value to Plaintiff.

46. Defendants have been unjustly enriched at Plaintiff's expense.

47. Defendants' activities as described above constitute unjust enrichment under the common law of the State of Delaware.

### COUNT VI - CANCELLATION OF DEFENDANTS' B+ TRADEMARK

48. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully set forth herein.

49. The continued existence of U.S. Registration No. 3,768,743 is contrary to 15 U.S.C. § 1052(d) and will violate and diminish the prior and superior rights of Plaintiff in Plaintiff's B+ marks.

50. Plaintiff is and will continue to be damaged by the existence of U.S. Registration No. 3,768,743 because Defendants have obtained statutory rights in the Defendants' B+ mark in violation and derogation of the established prior rights of Plaintiff in Plaintiff's B+ marks, in violation of 15 U.S.C. § 1052(d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter judgment in its favor and grant the following relief:

A.  An injunction enjoining Defendants and their officers, directors, employees, subsidiaries, affiliates, agencies, and/or instrumentalities from using any mark, trade name or source identifier, which is confusingly similar to Plaintiff's B+ marks, including but not limited to the B+ mark appearing in U.S. Registration No. 3,768,743 and variations thereof;

B.  An Order pursuant to 15 U.S.C. § 1119, that the United States Patent and Trademark Office cancel U.S. Registration No. 3,768,743;

C.  An injunction enjoining Defendants from providing, offering, advertising or promoting in any way any of their goods or any other goods that infringe upon Plaintiff's B+ marks and variations thereof;

D.  That Plaintiff be awarded their actual damages in an amount to be proven at trial;

E.  That Defendants be required to account for any revenues attributable to their infringing acts;

F.  That Plaintiff be awarded three times any damages sustained by Plaintiff, and prejudgment interest;

G.  That punitive damages be awarded to Plaintiff;

H.  That all products, labels, signs, prints, packages, brochures, and advertising and promotional materials in the possession of Defendants bearing Defendants' B+ mark, or any word, term, name, symbol, device, combination thereof, designation, description, or representation that is found in violation of the Lanham Act, or any reproduction, counterfeit,

copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up by Defendants and destroyed;

      I.      That pursuant to 15 U.S.C. § 1116, Defendants file and serve a report under oath within thirty days of the issuance of injunctive relief indicating the manner in which they have complied with any injunctive relief ordered by the Court;

      J.      That Plaintiff be awarded reasonable attorney fees in prosecuting this action; and

      K.      That Plaintiff be granted such other and further relief which the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial pursuant to Federal Rules of Civil Procedure 38 and 39 on all issues so triable.

      Respectfully submitted,

      POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | |
|---|---|
| Alfred W. Zaher | By: */s/ Kathleen Furey McDonough* |
| Holley M. Ford Lewis | Kathleen Furey McDonough (#2395) |
| BUCHANAN INGERSOLL & ROONEY PC | Bindu A. Palapura (#5370) |
| 1737 King Street, Suite 500 | Hercules Plaza, 6th Floor |
| Alexandria, VA  22314 | 1313 N. Market Street |
| Tel:  (703) 836-6620 | Wilmington, DE  19801 |
| | Tel:  (302) 984-6000 |
| Dated:  March 30, 2016 | kmcdonough@potteranderson.com |
| 1220028 / 32200 | bpalapura@potteranderson.com |

      *Attorneys for Plaintiff Joseph G. McDonough*