**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOSEPH G. MCDONOUGH, ) <br> ) <br> Plaintiff, ) <br> ) C.A. No. 16-203-LPS <br> v. ) <br> ) **JURY TRIAL DEMANDED** <br> DEBORAH A. GORMAN, BE POSITIVE ) <br> WORKS, LLC, and B+ FOUNDATION, INC., ) <br> ) <br> Defendants. ) | |

**JOINT STATUS REPORT**

Plaintiff Joseph G. McDonough ("Plaintiff") and Defendants Deborah A. Gorman, Be Positive Works, LLC and B+ Foundation, Inc. (collectively, "Defendants") submit this Joint Status Report pursuant to the Court's May 30, 2017 Oral Order (D.I. 17).

I. **CASE STATUS**

On March 30, 2016, Plaintiff filed a Complaint against Defendants alleging trademark infringement and unfair competition under the Lanham Act and Delaware statutory and common law. D.I. 1. The parties filed three stipulations to extend Defendants' deadline to answer or otherwise plead to allow the parties to pursue settlement discussions. D.I. 7, 8, and 9. Those discussions were unsuccessful. On September 21, 2016, Defendants filed a Motion to Dismiss or Transfer Venue rather than answering Plaintiff's complaint. D.I. 11. On October 11, 2016, Plaintiff responded to that motion (D.I. 12), and on October 18, 2016, Defendants submitted their reply (D.I. 14). Defendant's motion is currently pending. No case schedule has been entered.

Counsel for the parties have had settlement discussions after briefing on Defendants' Motion closed. Those discussions have not been successful, and there has been no contact between the parties since May 7, 2017.

II.     **RELATED PROCEEDING**

On January 6, 2016, Plaintiff filed with the United States Patent and Trademark Office a Petition to Cancel Defendants' U.S. Registration No. 3,768,743 for the B+ mark. The proceeding is currently pending under Trademark Trial and Appeal Board Cancellation No. 92063002, but has been suspended pending disposition of this action.

III.    **THE PARTIES' POSITIONS WITH RESPECT TO CASE PROGRESSION**

A.      **Plaintiff's Position**

Plaintiff respectfully requests that the Court enter an order directing the Parties to submit a proposed scheduling order and schedule a Rule 16 conference. This case has been pending for over one year, and there is no reason for any further delay in moving this case along. Defendants' Motion to Dismiss and/or Transfer for purported lack of personal jurisdiction and/or *forum non conveniens* should be denied for all of the reasons set forth in Plaintiff's answering brief. Despite Defendants' incorrect characterization below of the nature of Defendants' sales of its infringing products into Delaware, Defendants are subject to personal jurisdiction in Delaware and venue is proper in the District of Delaware.

Plaintiff founded The Andrew McDonough B+ Foundation (Plaintiff's B+ Foundation) in 2007 to honor the memory of Andrew J. McDonough, the son of Plaintiff. Plaintiff's B+ Foundation engages in fundraising for medical treatment and cutting edge childhood cancer research, including supporting world leaders in adult and pediatric cancer treatment and research, providing financial and emotional support to families of children with cancer through the B+ Family Assistance Program, and spreading the "B+ Positive" message by helping others "Live Like Andrew." Plaintiff owns several U.S. Federal Trademark registrations and pending U.S. Trademark Application, including U.S. Registration No. 3,430,360, which are licensed to Plaintiff's B+ Foundation.

Upon information and belief, long after Plaintiff, in October 2009, Defendants established B+ Foundation. Defendants maintain a website, http://bepositiveworks.com, where they offer for sale jewelry and apparel all bearing the mark B+. Defendants' charitable fundraising services for cancer treatment and research are identical to Plaintiff's and Plaintiff's licensees' charitable fundraising services and are marketed and promoted through identical channels of trade. Defendants also manufacture and sell jewelry and apparel bearing the B+ mark, which are nearly identical to Plaintiff's products bearing Plaintiff's B+ marks and are marketed and promoted through identical channels of trade.

Plaintiff became aware of confusion caused by individuals mistaking Defendants' B+ mark for Plaintiff's B+ marks, and demanded that Defendants cease and desist their infringing activity. Despite this, Defendants have continued use of the mark and infringement of Plaintiff's federally registered B+ mark by using the mark "B+" to advertise and promote their fundraising activities, as well as on or in connection with its apparel and jewelry. Thus, Plaintiff respectfully requests that this case be allowed to proceed, so that it can be adjudicated on the merits.

B.  **Defendants' Position**

This small trademark infringement action is ripe for dismissal on the ground of lack of personal jurisdiction or transfer to the Southern District of New York on the ground of *forum non conveniens*. Apart from two trap buys made by Plaintiff to engineer jurisdiction, Defendants have never done business in Delaware and their motion to dismiss has been *sub judice* since September of 2016.

Defendant Be Positive Works is a small New York company that sells apparel, handmade jewelry and other products bearing the "B+" or "BE POSITIVE" marks. Defendant The B+ Foundation is a New York nonprofit. Defendants were founded after the husband of one of their co-founders overcame leukemia with a successful stem cell transplant, which changed his blood

3

type from A+ to B+.  Be Positive Works donates a percentage of its profits to the B+ Foundation, which, in turn, provides support to the stem cell and bone marrow research programs at the Dana-Farber Cancer Institute in Boston, Massachusetts.

Plaintiff alleges personal jurisdiction over Defendants in this action based upon just two mailings he and his attorneys arranged for delivery into Delaware over the course of more than four years.  Such isolated and orchestrated sales are insufficient to confer jurisdiction, *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 454-55 (3d Cir. 2003), such that the case should either be dismissed or transferred to the Southern District of New York, where it more appropriately belongs.

In view of the above, the request by Plaintiff for entry of a scheduling order and Rule 16 conference should be denied.  Given the absence of jurisdiction and the inconvenience of the forum, any further proceedings should be conducted in the Southern District of New York once dismissed or transferred, so as not to burden this Court's docket with unnecessary discovery disputes, further motion practice, and trial.

5

Respectfully submitted,

| POTTER ANDERSON & CORROON LLP | PINCKNEY, WEIDINGER, URBAN & JOYCE LLC |
|---|---|
| By: */s/* Bindu A. Palapura<br>Kathleen Furey McDonough (#2395)<br>Bindu A. Palapura (#5370)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>kmcdonough@potteranderson.com<br>bpalapura@potteranderson.com | By: /s/ Elizabeth Wilburn Joyce<br>Elizabeth Wilburn Joyce (#3666)<br>3711 Kennett Pike, Suite 210<br>Greenville, DE 19807<br>Tel: (302) 504-3360<br>Fax: (302) 442-7046<br>ewilburnjoyce@pwujlaw.com |

OF COUNSEL:

Alfred W. Zaher
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Tel: (215) 665-3880

*Attorneys for Plaintiff Joseph G. McDonough*

*Attorneys for Defendants Deborah A. Gorman, Be Positive Works, LLC and B+ Foundation, Inc.*

Dated: June 2, 2017
5222668 / 32200